# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**BETTY L. KELLEY,**
                **Plaintiff**

**v.**                                                  Civil Action No.
                                                                        3:05CV227-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                **Defendant**

## MEMORANDUM OPINION

      This case presents plaintiff Betty Kelley's challenge to the decision of the Commissioner denying her claim to disability insurance benefits. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the Commissioner's decision is flawed as a matter of law, and the matter must be remanded for further proceedings.

      Ms. Kelley filed her application on October 26, 2001, alleging that she had been unable to engage in any substantial gainful employment since September of 2001. After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. Kelley's osteoarthritis and degenerative disc disease of the spine represented severe impairments, but that they did not prevent her from performing her past relevant work, nor did they prevent her from performing a significant number of other light jobs.

      If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Ms. Kelley contends that the ALJ failed in this case to state clear reasons for rejecting the opinion of her treating physician, Dr. Nolan. It has long been established that the special position occupied by a treating physician calls for his or her opinion to be accorded great weight. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

After treating Ms. Kelley for some time, and after receiving supporting information from consulting specialists, Dr. Nolan opined on December 6, 2001, that Ms. Kelley could lift or carry less than ten pounds, and that she could sit or stand for a total of only two hours per day. Tr. 232. On January 24, 2002, he again stated this same opinion. Tr. 251. While the ALJ noted the existence of this opinion and attributed it to an attending physician, he did *not* state clear reasons for rejecting or for limiting the weight given that opinion. Rather, he simply stated that he had "considered any medical opinions, which are statements from acceptable medical sources," and then proceeded to state that his conclusion was supported by the findings and

opinions of non-treating, non-examining State Agency physicians. Tr. 22-23. The Commissioner invites the Court to scan the record to identify reasons for limiting the weight to be given the opinion of Ms. Kelley's treating physician, but this is not the law's directive. Rather, the regulation requires the ALJ to state clear reasons.

Because the ALJ erred as a matter of law in evaluating the opinions of this treating source, it is not possible to determine whether substantial evidence supports the ultimate conclusion. It is necessary to remand the matter for further proceedings, including the application of the proper standards of evaluation.

An order in conformity has this day entered.